[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14149
Non-Argument Calendar

_____

D. C. Docket No. 06-00001-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEGUNDO DELIO-QUINTERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 6, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Segundo Delio-Quintero appeals his 151-month sentence imposed pursuant to his guilty plea for conspiracy to possess with intent to distribute five kilograms or more of cocaine aboard a vessel within the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and for aiding and abetting possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii).

On appeal, Delio-Quintero argues that the district court clearly erred in denying his request for a reduction based on his role in the offense. Delio-Quintero also contends that his 151-month sentence was unreasonable.

## A. Denial of Reduction Based on Role in the Offense

Delio-Quintero first argues that the district court clearly erred in denying his request for a reduction based on his role in the offense because he was merely a mechanic, was hired at the last minute, had no decision-making authority, and was not part of any planning, organizing, or recruiting. He complains that the district court in a similar case granted a minor-role reduction to a defendant who was an off-loader, as well as the ship's cook, during a one-month voyage. He also argues that the district court appeared to apply the Guidelines in a mandatory fashion and placed too much emphasis on the amount of drugs involved. Delio-Quintero

2

contends that he should not have received the same sentence as his more culpable codefendants, the captain of the vessel and the overseer of the cocaine.

We review a district court's determination of a defendant's role in the offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Id*. at 939.

According to U.S.S.G. § 3B1.2(b), a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. As to the first prong of the *De Varon* analysis, we explained that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held

3

accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. Further, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive–in and of itself–in the extreme case." *Id.* at 943.

With regard to the second prong of the *De Varon* analysis, we determined that a district court should look at other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." *Id.* at 944. In order to satisfy the second prong, the defendant must show he is less culpable than most other participants in his relevant conduct. *Id.* We recognized, however, that the first prong set forth in *De Varon* may, in many cases, be dispositive. *Id.* at 945. In some cases, even the least culpable participant in the conspiracy will not be entitled to a minor-role adjustment. *Id.* at 944.

After reviewing the record, we conclude that the district court did not clearly err in denying a minor-role reduction because Delio-Quintero failed to meet his burden of showing that his role, as compared to the relevant conduct, was minor. The district court held Delio-Quintero accountable for the approximately 3,000 kilograms of cocaine on the boat. Delio-Quintero's argument, that he was less

4

culpable because he was a mere mechanic who had no ownership interest in the drugs or the boat and was not involved in planning or recruiting, does not suggest that he played a minor role in the conduct for which he was held accountable but merely tends to show that Delio-Quintero was not involved in the larger drug conspiracy. That alone is insufficient to support a minor-role adjustment.

With regard to the second prong, all five crew members were involved in using a boat to move the drugs from Colombia and in dumping the drugs from the boat when they were apprehended. Moreover, even the least culpable participant may not be entitled to a minor-role reduction. In light of the amount of drugs involved, we conclude that the district court did not clearly err in finding that Delio-Quintero failed to meet his burden of showing that he was a minor or minimal participant.

## B. Reasonableness of Delio-Quintero's 151-month Sentence

Delio-Quintero next argues that the disparate sentencing among similar "boat cases" indicates that his "draconian" 151-month sentence was greater than necessary, in violation of 18 U.S.C. § 3553(a). He complains that the district court did not properly take into account that Delio-Quintero was subject to an immigration detainer and would receive more restrictive confinement in prison than other prisoners.

As an initial matter, the parties agree that we should review Delio-Quintero's sentence for reasonableness, but the government adds that Delio-Quintero must show plain error because he did not preserve his challenge to the reasonableness of his sentence below.

We find it unnecessary to determine whether Delio-Quintero must show plain error. As discussed below, Delio-Quintero's sentence was reasonable, and the district court did not commit any error, plain or otherwise, in the way it imposed the sentence.

After the district court has accurately calculated the Guideline range, we review the final sentence imposed by the district court for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005). The district court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense . . . ; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* "[T]here is a range of reasonable sentences from which the district court may choose." *Id.* at 788. While a sentence within the advisory Guidelines range is not *per se* reasonable, we ordinarily expect such a sentence to be unreasonable. *Id.* at 787-88. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.* at 788.

The district court is not obligated to specifically address and analyze every § 3553(a) factor on the record. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, the district court's statement that it has considered those factors is sufficient in post-*Booker* sentencing. *Id.* at 1330. Moreover, where the district court has considered permissible factors, we will not substitute our judgment in weighing the relevant factors "because our review is not *de novo*." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006) (noting that the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court), *cert. pet. filed*, No. 06-7352 (Oct. 19, 2006) (citation omitted).

In this case, the record demonstrates that the district court heard Delio-Quintero's arguments at sentencing, expressly noting that it had taken into account the § 3553 factors, "especially the seriousness of the offense and the matter of promotion of respect for the law and deterrence, both general and specific." The

7

district court then found that the mid-range 151-month sentence was appropriate. Although a correctly calculated Guideline range is not *per se* reasonable, Delio-Quintero offers no arguments that his sentence is otherwise unreasonable, other than contending that the district court did not take into account his relatively minor role and that he would be subject to an immigration detainer. Accordingly, we conclude that Delio-Quintero's sentence was reasonable.

For the above-stated reasons, we affirm Delio-Quintero's sentence.

**AFFIRMED.**